UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM B.,

       Plaintiff,

                                      CASE No. 1:24-cv-306

v.

                                        HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this

matter (ECF No. 17) and Plaintiff's Objections to it (ECF No. 18).    Under the Federal Rules of

Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation,

"[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de

novo reconsideration, he or she finds it justified."    12 WRIGHT, MILLER & MARCUS, FEDERAL

PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014).    Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to. The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

FED R. CIV. P. 72(b)(3).    De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge.    *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision because the

ALJ's conclusions are supported by substantial evidence.    The Court has reviewed de novo the

claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself;

and Plaintiff's Objections to it.    After its review, the Court finds the Magistrate Judge's Report

and Recommendation to be factually sound and legally supported.

Plaintiff lodges two objections to the Magistrate Judge's Report and Recommendation.

He first argues that the ALJ failed to properly evaluate the medical opinion of his treating

psychiatrist, Dr. Phelps.    (ECF No. 18, PageID.4679–84).    According to Plaintiff, the ALJ

placed too much weight on the clinical examinations and self-reported activities that capture his

periods of neutral mood, and not enough weight on Dr. Phelps' assessment.    (*Id.*).    But, as the

Magistrate Judge rightly noted, ALJs are not to "defer or give any specific evidentiary weight,

including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."

20 C.F.R. § 404.1520c.    The record shows that the ALJ properly weighed the evidence by

considering, *inter alia*, Dr. Phelps' opinion, the opinions of state agency consultants, clinical

examination notes, and Plaintiff's own reported activities of daily living.    (*See* ECF No. 4-2,

PageID.28–34).

Plaintiff next argues that the ALJ failed to consider his ability to sustain work activities

given the cyclical nature of his bipolar disorder.    (ECF No. 18, PageID.4684–85).    The Court

disagrees.    The ALJ accounted for the variable nature of Plaintiff's mental impairments by

severely restricting his workplace activities according to not just his periods of temporary well-

being, but also his sustained periods of impairment.    (*See id.* at PageID.26–27).    The Magistrate

Judge was therefore correct to conclude that the ALJ's decision is supported by substantial

evidence.    *Cf. Mommaerts v. O'malley*, No. 23-CV-1248-SCD, 2024 WL 3064965, at *6 (E.D.

Wis. June 20, 2024) (finding that ALJ did not "overly rely" on plaintiff's daily activities and

provided several other, valid reasons for not fully crediting plaintiff's more debilitating, cyclical bipolar symptoms).

 

**ACCORDINGLY, IT IS ORDERED**:

1.     The Report and Recommendation of the Magistrate Judge, (ECF No. 17), is **APPROVED** and **ADOPTED** as the opinion of this Court.

2.     Defendant Commissioner of Social Security's decision, (ECF No. 4-2), is **AFFIRMED**.

3.     The matter is **DISMISSED**.

**IT IS SO ORDERED**.

 

Dated:    February 13, 2025         /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE